# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

EVA ANDERSON a/k/a EVA ANDERSON CONNERLY              PLAINTIFF

VERSUS                          CIVIL ACTION NO: 2:09cv183-DCB-JMR

BANK OF AMERICA; COUNTRYWIDE HOME
LOANS a/k/a BANK OF AMERICA; and
DEUTSCHE BANK, INVESTOR                            DEFENDANTS

## OPINION AND ORDER

This matter comes before the Court on the defendants' Motion to Dismiss [**docket entry no. 2**]. Having carefully considered the Motion, plaintiff's Response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

Eva Anderson ("plaintiff") commenced this action against Bank of America, Countrywide Home Loans, Inc. ("Countrywide"), and Deutsche Bank National Trust Company ("Deutsche Bank")(hereinafter collectively known as "defendants") on August 3, 2009, in the County Court of Forrest County, Mississippi. The plaintiff had a mortgage loan with Countrywide and Bank of America for her property located at 501 Fifth Street, Hattiesburg, Mississippi. Included in her loan payments was insurance premiums for coverage of the property. In a prior suit commenced on May 11, 2007, against Countrywide, the plaintiff alleged that Countrywide had failed to honor agreements under her insurance contract and, as a result, she suffered damages including loss of rent and loss of property value.

The initial suit was dismissed with prejudice on February 14, 2008.

In the instant action, the plaintiff alleges that the defendants attempted to extort insurance payments from her. She claims that defendants refused to pay for the total amount of damages inflicted upon her property during Hurricane Katrina despite her paying premiums for the coverage. The plaintiff states that the defendants did make payments to her in December 2007, February 2008, and April 2009. However, plaintiff argues that because of the initial refusal and delay of insurance payments, her property was further damaged and she incurred additional loss.

On September 3, 2009, the defendants removed the present action from the County Court of Forrest County, Mississippi, to the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1331 and 1332. Subsequently, the defendants filed this Motion to Dismiss on September 9, 2009. The defendants argue that the plaintiff has previously filed the same claim against the same defendants and that the original suit was dismissed with prejudice on February 14, 2008. Therefore, the defendants argue that the doctrine of res judicata precludes the plaintiff from filing the instant action.

Specifically, the defendants argue that in the first suit ("*Anderson 1*"), which was filed on May 11, 2007, the plaintiff asserted claims against Countrywide for damage to her property resulting from delayed insurance coverage after Hurricane Katrina. Countrywide removed *Anderson 1* to the Federal District Court for

2

the Southern District of Mississippi where it was subsequently dismissed with prejudice on February 14, 2008. The defendants argue that the instant suit initiated by plaintiff asserts 1) claims against the same defendants as in *Anderson 1*; 2) that the prior suit was dismissed with prejudice by a competent court with jurisdiction; 3) that the dismissal was a final judgment on the merits; and 4) that the same or substantially similar claims are being alleged in the instant action against defendants. The defendants also argue that although Deutsche Bank was not a party in *Anderson 1*, Deutsche Bank is in privity with Countrywide, which was a defendant in *Anderson 1*, because Deutsche Bank is the holder and servicer of the mortgage loan that was a subject of *Anderson 1*.

In her Response [docket entry no. 8], the plaintiff alleges that *Anderson 1* was wrongly dismissed because the court was furnished with fraudulent information that the case had been settled. The plaintiff asserts that an intentional misrepresentation was made to the court that a settlement had been reached, when, in fact, no settlement existed. As a result, the plaintiff asserts she was denied due process under the law.

In rebuttal, the defendants argue that the plaintiff's allegations of fraud are legal conclusions with no factual basis. The defendants admit that although no settlement agreement was signed, they argue that plaintiff was paid a final sum in April 2009, and that plaintiff did not comply with the final judgment

order, which provided plaintiff with 90 days to reopen the original action if the terms of the verbal settlement were not met. The defendants argue that plaintiff had the opportunity to reopen the original suit pursuant to the Judgment of Dismissal, in which the district court retained jurisdiction, but she chose not to do so. Therefore, the defendants argue that because the prior action was dismissed with prejudice, res judicata applies to the instant case.

In her response to defendant's rebuttal, the plaintiff asserts that she was not aware until September 11, 2009 that *Anderson 1* had been dismissed on February 14, 2008. The plaintiff also asserts that the doctrine of res judicata does not apply because a settlement agreement in *Anderson 1* was never executed by the parties in the prior cause of action.

## II. Standards of Law

*1. Converting a Motion to Dismiss into a Motion for Summary Judgment*

Under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court considers matters outside the pleadings in deciding the motion. In the instant case, the defendants have filed a Motion to Dismiss together with other documents for the Court to consider when ruling on the motion. The court has discretion "whether to accept and consider any material beyond the pleadings" when deciding on the motion to dismiss. <u>Isquith v. Middle S. Utils., Inc.</u>, 847 F.2d 186, 194 n. 3 (5th Cir. 1988). Furthermore, "[t]he

4

mere fact that the defendants included such [extrinsic] matters in their memoranda to the court in support of their motion does not mean that the court in fact considered this material in any way when making its decision." Reid v. Hughes, 578 F.2d 634, 636, n. 2 (5th Cir. 1978). If the court does "accept and consider these [extrinsic] materials, the motion will be treated as one for summary judgment." FED. R. CIV. P. 12(d); Mitsui Sumitomo Ins. Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc., 2007 WL 2463308, at *2 (E.D. La. 2007)(citing FED. R. CIV. P. 56)). Since the defendants ask the Court to consider the Complaint and Judgment of Dismissal from the first lawsuit as evidence that the doctrine of res judicata applies, the Court will analyze the instant Motion to Dismiss as a Rule 56(c) Motion for Summary Judgment.

2. *Summary Judgment Standard*

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] The party moving for summary judgment bears the initial responsibility of

---

[1] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted).

apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. The non-movant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

**III. Analysis**

6

The defendants ask the Court to dismiss the plaintiff's claims based on the doctrine of res judicata.[2] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994). The Fifth Circuit has established four elements that must be satisfied for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009)(citing In re Ark-La-Tex Timber Co., 482 F.3d 319, 330 (5th Cir. 2007)).

The plaintiff argues that res judicata does not apply to the instant case because the claims and parties are different. The plaintiff has also asserted new claims in her Response and Rebuttal which must be addressed. Therefore, the Court will consider all four elements necessary for res judicata to apply.

---

[2] "The Restatement of Judgments now speaks of res judicata as 'claim preclusion' and collateral estoppel as 'issue preclusion.'" Allen v. McCurry, 449 U.S. 90, 94 (1980).

*1) The parties must be identical in the two actions.*

In the present case, the plaintiff has named as defendants not only Countrywide but also Bank of America and Deutsche Bank. The defendants admit that Bank of America and Deutsche Bank were not named defendants in the prior suit, but argue that privity exists between the defendants. "To satisfy the identity element, strict identity of parties is not necessary." Russell v. SunAmerica Securities, Inc., 962 F.2d 1169, 1173 (5th Cir. 1992). Rather, "[a] non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." Id. The Fifth Circuit stated that

> [f]or res judicata purposes, this court has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in the property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit.

Meza v. General Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990).

In the instant case, the plaintiff states that because Bank of America purchased Countrywide in January 2008, it is a proper party to this action. She also states that the loan number assigned to her loan, which is a subject of the instant suit and *Anderson 1*, did not change after Bank of America purchased Countrywide. Rather, her mortgage statements now reflect the same loan number on Bank of America letterhead. The plaintiff has asserted no specific claims against Bank of America that differ from claims asserted

against Countrywide in *Anderson 1*. As a result, Bank of America is a successor in interest to the mortgage that was owned by Countrywide and the parties are in privity with each other for res judicata purposes.

Deutsche Bank, which was not a party to *Anderson 1*, is a named defendant in the present case. The defendants assert that Deutsche Bank is holder and servicer of the plaintiff's loan, and, therefore, is in privity with Countrywide. The plaintiff does not dispute defendant's assertion but rather asserts that Deutsche Bank has a security interest in the loan and that Deutsche Bank employs Countrywide to service its secured interests. The Court finds that under either scenario, Deutsche Bank's interests are the same as Countrywide's interests. Because the prior case was settled and dismissed with prejudice by the district court, Deutsche Bank's interest were adequately represented by Countrywide in the prior suit and these parties are in privity.

*2) The prior judgment must have been rendered by a court of competent jurisdiction.*

Neither the plaintiff or the defendants dispute the competency of the prior district court's jurisdiction. The court had jurisdiction in *Anderson 1* pursuant to 28 U.S.C. 1332. The prior defendant, Countrywide, was a non-resident of Mississippi. The plaintiff was a resident of Mississippi. The amount in controversy exceeded the minimum jurisdiction amount for the district court.

Therefore, this Court finds that the prior district court was a court of competent jurisdiction for res judicata purposes.

*3) There must be a final judgment on the merits.*

In *Anderson 1*, the district court dismissed the case with prejudice. Therefore, the dismissal was a final judgment on the merits for res judicata purposes. See Oreck Direct, 560 F.3d at 401 (holding that a dismissal with prejudice is on the merits); Fernandez-Montez v. Allied Pilots, 987 F.2d 278, 284 n. 8 (5th Cir. 1993)(stating that "[a] dismissal which is designation 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata'")(citation omitted); see also In re W. Tex. Mktg. Corp., 12 F.3d 497, 500 (5th Cir. 1994)("[T]his [C]ourt has long recognized that a consent judgment is a judgment on the merits, and is normally given the finality accorded under the rules of claim preclusion." (internal quotation marks and citations omitted)).

*4) The same claim or cause of action must be involved in both cases.*

"Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceedings." Brown v. Felsen, 442 U.S. 127, 131 (1979). In determining whether the same claim or cause of action exists in both cases, the Fifth Circuit applies the "transactional test." Oreck Direct, 560 F.3d at 401-02. In order for separate claims or

causes of action to be the same under the transactional test, the two actions must "be based on the same 'nucleus of operative facts.'" Id. (citing In re Ark-La-Tex Timber Co., 482 F.3d 319, 330 (5th Cir. 2007)). "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] transaction arose.'" Id. (citations omitted). Factors to consider in determining what is a "transaction" or a "series of transactions" includes (1)"whether the facts are related in time, space, origin, or motivation"; (2) whether the facts form "a convenient trial unit"; and (3) whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. (citations omitted).

Both the underlying action and *Anderson 1* are based on the same mortgage loan between the defendants and the plaintiff. The mortgage loan is secured by a parcel of property at 501 Fifth Street, Hattiesburg, Mississippi. In the instant claim, as in *Anderson 1*, the plaintiff seeks reimbursement for lost income and other monetary damages resulting from delayed insurance payments for damage to her property. In considering the time, origin and motivation for the instant action, the facts and claims presented are the same as those in *Anderson 1*. Both Complaints are based on the same nucleus of operative facts and the underlying claims were available to plaintiff in *Anderson 1.*

In the instant case, the plaintiff argues that the two cases differ because she has now plead attempted extortion by the defendants. She states in her Complaint that the defendants attempted to extort insurance payments from her by allegedly offering only half (17,000.00) of the insurance payments she was entitled to receive. However, the plaintiff admits in her Complaint that she was behind on her mortgage payments, which included insurance premiums, and for that reason the defendants would not provide complete coverage. She also admits that the defendants made payments to her in December 2007, February 2008, and April 2009. Therefore, her extortion claim lacks merit on its face because she admits that she failed to make her mortgage payments and that payments were made to her by the defendants. The extortion claim is a new theory of recovery presented by the plaintiff based on the same facts as in *Anderson 1*. This claim was previously available to her; thus, res judicata applies.

The plaintiff also alleges in her Response to the Motion to Dismiss that the prior case was settled due to an intentional misrepresentation of facts to the district court. Additionally, she alleges that no settlement agreement was ever reached between the parties even though Countrywide did make insurance payments to her in April 2009. Therefore, because no settlement agreement was entered into, the plaintiff argues that res judicata should not apply to prevent this subsequent suit.

The plaintiff's intentional misrepresentation and fraud claims lack merit. The claims are not supported with specific facts as required by Federal Rule of Civil Procedure 9(b). Under Rule 9(b), "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." The Fifth Circuit has stated that "at a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003)(quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992)). That is, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." Id. (citation omitted). The plaintiff has failed to meet the particularity requirement of Rule 9(b). In her Response, the plaintiff repeatedly states that the district court in the prior case was mislead by intentional misrepresentations. However, the plaintiff's allegation consists of only legal conclusions without factual allegations necessary to show that intentional misrepresentation and fraud occurred, resulting in the dismissal of *Anderson 1*.

More significantly, the district court in *Anderson 1* retained jurisdiction over the action after it was dismissed with prejudice. The Judgment of Dismissal states "[b]y agreement of the parties,

13

the Court retains jurisdiction to enforce the settlement agreement, and if any party fails to consummate this settlement within 60 days, any aggrieved party may reopen the case for enforcement of the settlement agreement within ninety (90) days thereafter." (Def. Motion to Dismiss att. "Exhibit B").  As a result, the plaintiff received a full and fair opportunity to litigate all claims she has brought before this Court and her due process rights were not violated.

The Court finds that the plaintiff has failed to show that the parties and claims in the present case differ from those in *Anderson 1*.  All elements necessary for the application of res judicata are met.  Therefore, this Court holds that the plaintiff is barred from relitigating these claims based on the principle of res judicata.

## IV. Conclusion and Order

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss [docket entry no. 2] is **GRANTED**.

**SO ORDERED**, this the 2nd day of November 2009.

                                     s/ David Bramlette
                                   **UNITED STATES DISTRICT JUDGE**