**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

EVA ANDERSON a/k/a EVA ANDERSON CONNERLY       PLAINTIFF

VERSUS           CIVIL ACTION NO: 2:09cv183-DCB-JMR

BANK OF AMERICA; COUNTRYWIDE HOME
LOANS a/k/a BANK OF AMERICA; and
DEUTSCHE BANK, INVESTOR           DEFENDANTS

## **ORDER**

  This matter comes before the Court on Pro-se Plaintiff Eva Anderson's ("plaintiff") Motion to Reconsider [docket entry no. 15] filed on December 17, 2009. Defendants Countrywide Home Loans, Inc., Bank of America, and Deutsche Bank National Trust Company (collectively "defendants") filed their Response [docket entry no. 18] on December 31, 2009. Having carefully considered the Motion, Response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

  On November 2, 2009, this Court granted the defendants' Motion to Dismiss finding that res judicata applied. This Court also held that the plaintiff failed to reopen the prior case <u>Evan Anderson-Connerly v. Countrywide Home Loans, Inc.</u> Civil Action No. 2:07cv121-KS-MTP ("*Anderson 1*"), in accordance with the Judgment of Dismissal entered on February 14, 2008.[1] On December 17, 2009,

---

[1] The Judgment of Dismissal stated that "if any party fails to consummate this settlement within 60 days, any aggrieved party may reopen the case for enforcement of the settlement agreement within ninety (90) days thereafter. Therefore, the plaintiff had five (5) months, or until July 14, 2008, to reopen the prior case for

this Court filed a Final Judgment [docket entry no. 17] in the instant case. Also, on December 17, 2009, the plaintiff filed her instant Motion to Reconsider.

The Federal Rules do not explicitly recognize a motion for reconsideration. GuideOne Mut. Ins. Co. v. Rock, 2009 WL 2252204, at *2 (N.D. Miss. 2009)(slip copy). Yet, the Fifth Circuit "held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b)." Id. (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). Because the instant motion was served within the 10 day time limit imposed by Rule 59(e), it falls under Rule 59.[2] See Teal, 933 F.2d at 347, n. 3.

The district court is afforded considerable discretion in deciding a Rule 59(e) motion. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990)(abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)). Three possible grounds are available when determining whether reconsideration is necessary: "(1) an intervening change in controlling law, (2) the availability of new evidence not

---

enforcement of the settlement agreement. However, the plaintiff did not do so.

[2] The plaintiff, being pro-se, did not obtain knowledge that an order dismissing this case had been entered on November 2, 2009, until December 16, 2009. Inasmuch as the instant motion was filed on December 17, 2009, it was timely under Rule 59(e).

previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." <u>Bulley v. Fidelity Financial Serv. of Miss.</u>, 2000 WL 1349184, at *2 (S.D. Miss. 2000)(citations omitted). Motions for reconsideration should not be used as "a second attempt to 'sway the judge.'" <u>Id</u>. (citations omitted). Additionally, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004). Rather, reconsideration "is an extraordinary remedy that should be used sparingly." <u>Id</u>.

In the case at bar, there is no intervening change in the law nor has the plaintiff presented new evidence that was not previously available to her. As a result, the only reason for reconsideration is to correct a clear error of law or to prevent manifest injustice. In her motion, the plaintiff argues that she had no way of reopening her prior case pursuant to the judgment of dismissal because she was represented by counsel and her counsel did not inform her of the settlement agreement or judgment of dismissal because he was attempting to deprive plaintiff of her day in court. The general rule is that information known or acquired by an attorney during the scope of his employment is imputed to his client. <u>Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc.</u>, 176 F.R.D. 269, 273 (N.D. Ill. 1997); <u>Farnsworth v. Hazelett</u>,

3

199 N.W. 410, 411 (1924); 7 Am. Jur. Attorneys at Law § 153 (2009). A possible exception to the general rule exists if the attorney is acting fraudulently or in his own interest. Farnsworth, 199 N.W. at 412-13; 7 Am. Jur. 2d Attorneys at law § 155 (2009). Nonetheless, if the plaintiff's prior counsel did not inform her that a settlement agreement had been effectuated in *Anderson 1* or that a judgment of dismissal had been entered by the court, that is an issue properly addressed with her prior counsel, not with the defendants herein. This Court addressed in its Order dated November 2, 2009, that the plaintiffs claims were barred by res judicata and that the plaintiff did not timely reopen the prior case in accordance with the judgment of dismissal entered on February 14, 2008. For these reasons, the Court finds that there are no grounds for reconsideration.

In her motion, the plaintiff also asks this Court to issue a certificate of appeal. However, in a civil proceeding in the federal district court, no certificate of appeal is needed to file an appeal with the Fifth Circuit Court of Appeals. Rather, pursuant to the Federal Rules of Appellate Procedure, the appellant must file a Notice of Appeal with the district clerk within the time allowed by Rule 4 of the Federal Rules of Appellate Procedure. FED. R. APP. PRO. RULE 3(a)(1). According to Rule 4, the plaintiff has thirty (30) days from the date of this Order to file her appeal. Id. at 4(A)(iv). The appellant must also pay the district

clerk all required fees for filing a notice of appeal.  Id. at 3(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Reconsider [docket entry no. 15] is **DENIED**.

**SO ORDERED** this the 6th day of January 2010.

<u>          s/ David Bramlette          </u>
**UNITED STATES DISTRICT COURT**